IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

L.W. ENVIRONMENTAL )
SERVICES, INC., an Oklahoma )
corporation, )
 )
       Plaintiff, )
 )
v. ) Case No. CIV-10-307-KEW
 )
RANDLE ENERGY SERVICES, INC., )
a foreign limited liability )
company; PAUL CANDAU, )
a California resident; and )
E.J. FORSYTHE, an Oklahoma )
resident, )
 )
       Defendants. )

## OPINION AND ORDER

This matter comes before the Court on Defendant E.J. Forsythe's Motion to Dismiss (Docket Entry #4). Plaintiff L.W. Environmental Services, Inc. ("L.W.") initiated this action in the District Court in and for Carter County, Oklahoma on June 29, 2010. L.W. alleged that in January of 2010, L.W. and Defendant Randle Energy ("Randle") entered into negotiations for L.W. to sell Randle 20 acres located in Carter County, Oklahoma. The land allegedly had certain improvements which were of benefit to Randle's oil reclaiming business such as oil tank batteries and other fixtures. Pending the sale, Randle was allowed to use a portion of the property and hired Plaintiff to make improvements on the land.

L.W. further alleged that it provided the services requested by Randle and that outside vendors also provided services to Randle. L.W. states that the "[v]arious work orders were signed and approved by the local employee or agent of Randel (sic) Energy,

EJ Forsythe." L.W. contends it invoiced Randle for the services performed but that Randle failed and refused to pay some of the invoices totaling $75,000.00. Randle also allegedly owes one vendor, Quality Electric, approximately $23,000.00 in services and equipment. L.W. also alleged Randle took equipment and materials off of the property costing in excess of $10,000.00.

The parties allegedly negotiated a settlement agreement whereby Randle would pay L.W. $48,500.00 within three days. L.W. contends, however, that Randle continued to remove equipment from the property and did not make the required negotiated payment, thereby allegedly breaching the settlement agreement. L.W. asserts claims for breach of the settlement agreement against Randle only, breach of contract on the indebtedness against Randle only, actual or constructive fraud against Randle and its corporate officer Paul Candau ("Candau"), unjust enrichment against Randle, Candau, and Forsythe. The claim is asserted against Forsythe based upon the alleged fact that "[v]arious of the Plaintiff's work orders were signed by the Defendant's apparent and understood agent, EJ Forsythe."

The Petition alleged L.W. is an Oklahoma corporation and Forsythe is an Oklahoma resident. L.W. further alleges Randle is a foreign corporation and Candau is a resident of the State of California.

On August 13, 2010, Defendants collectively removed this action to this Court. Federal jurisdiction over this action is based on diversity, depending upon the Court's ruling on the

2

subject Motion.

Through the pending Motion, Forsythe contends he has been fraudulently joined in the lawsuit in an effort to defeat complete diversity between the parties and federal jurisdiction. Forsythe argues L.W. has only alleged he signed or approved work orders in his capacity as an employee or agent of Randle. As a result, Forsythe asserts no personal liability can arise from his alleged actions. Additionally, Forsythe contends L.W. has failed to state a claim for unjust enrichment against him because L.W. failed to plead the essential element of alleging how Forsythe was personally enriched.

L.W. responds that Defendants created the ambiguity of Forsythe's role in the transactions at issue in the case. L.W. states Randle and Candau filed an answer that specifically denied that Forsythe acted as an employee or agent for Randle while Forsythe filed the subject motion to dismiss contending he was an employee or agent. L.W. also asserts Candau asserted to L.W.'s representative that Forsythe was not an employee or agent of Randle and did not have authority to sign work orders of L.W. for the rental of storage tanks.

In reply, Forsythe, who is represented by the same counsel as the other Defendants, unequivocally states that he was an agent or employee of Randle at all times. Moreover, Forsythe states that Randle will stipulate that "Defendant EJ Forsythe was its employee and agent and that Defendant EJ Forsythe was acting in the course and scope of his employment with Randle Energy with respect to the

allegations alleged in the Petition." Forsythe also contends he cannot be held personally liable for any breach of contract which Randle allegedly perpetrated, which is the sum and substance of L.W.'s claim in this action.

The initial issue that must be made clear is the appropriate standard which currently applies to dismissal requests. Both parties agree that the relatively recent United States Supreme Court case of <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) changed the legal analysis applicable to dismissal motions filed under Fed. R. Civ. P. 12(b)(6). L.W., however, contends that "it is clear that the *Bell Atlantic* standard is not universally applicable to all federal court cases," going on to assert the standard established in <u>Bell Atlantic</u> was limited to complex anti-trust type cases.

<u>Bell Atlantic</u> stands for the summarized proposition that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009) quoting <u>Bell Atlantic</u>, 550 U.S. at 570. The Supreme Court did not parse words when it stated in relation to the previous standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" is "best forgotten as an incomplete, negative gloss on an accepted pleading standard." <u>Bell Atlantic</u>, 550 U.S. at 546.

4

The Tenth Circuit has not distinguished between either the nature of the particular claim asserted in a case or the basis for federal jurisdiction in applying the Bell Atlantic standard. Specific to this case, it has on more than one occasion found the new standard applicable in what L.W. refers to a "simple diversity cases." *See e.g.* Pace v. Swerdlow, 519 F.3d 1067, 1073 (10th Cir. 2008); Spires v. Hospital Corp. of America, 289 Fed. Appx. 269, 270 (10th Cir. 2008). Without a hint of equivocation, the Bell Atlantic standard applies to all motions to dismiss founded in Fed. R. Civ. P. 12(b)(6) in the Tenth Circuit.

The only apparent conflict for purposes of this motion to dismiss is one of Randle and Candau's creation when it initially called into question Forsythe's status as an agent and employee.[1] Since Randle is willing to stipulate or amend its answer to clarify Forsythe's status as an agent or employee, Forsythe's personal liability will not be plausible on the face of the Complaint (Petition).

Moreover, this Court agrees with Forsythe's evaluation of the elements of an unjust enrichment claim and the deficiency in L.W.'s pleading. In Oklahoma, a party can only recover for unjust enrichment by showing "enrichment to another coupled with a resulting injustice." Teel v. Public Serv. Co. of Okla., 767 P.2d

---

1 L.W.'s continued assertion that its representative was told by Candau that Forsythe was not an employee or agent of Randle and did not have authority to bind Randle for the rental of storage tanks is not contained in the Petition and it is unsupported in L.W.'s response. The standard has not changed under Bell Atlantic that the Court's analysis is limited to the face of the Complaint. Robbins v. Oklahoma, 519 F.3d 1241, 1247 (10th Cir. 2008).

5

391, 398 (Okla. 1985) (superceded by statute on other grounds). L.W. has failed to plead that Forsythe was enriched in any fashion. Again, L.W. has not stated facts which could plausibly lead to liability. As a result, the dismissal of Forsythe is appropriate.

IT IS THEREFORE ORDERED that Defendants Randle Energy Services, LLC and Paul Candau shall file an Amended Answer setting forth the stipulation set forth in the reply and amend their answer to admit or deny the allegations in the original pleading to conform with this stipulation. The Amended answer shall be filed by **APRIL 11, 2011**.

IT IS FURTHER ORDERED that Defendant E.J. Forsythe's Motion to Dismiss (Docket Entry #4) is hereby **GRANTED**. Accordingly, Mr. Forsythe is hereby **DISMISSED** from this action.

IT IS SO ORDERED this 30th day of March, 2011.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE